CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
07/17/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

**INDIA ANDERSON**, individually, and on behalf of others similarly situated,

   Plaintiff,

vs.

**CREATIVE HAIRDRESSERS, INC. D/B/A, HAIR CUTTERY**, and **RATNER COMPANIES, LLC**,

   Defendants.

Case No. 3:19-cv-00041

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **INDIA ANDERSON** (hereinafter referred to as "Plaintiff), individually and on behalf of all others similarly situated, by and through their attorneys, **BROWN, LLC** and **GOLDBERG & FINNEGAN, LLC**, file this Collective Action Complaint against Defendants, **CREATIVE HAIRDRESSERS, INC. D/B/A, HAIR CUTTERY**, and **RATNER COMPANIES, LLC**, (hereinafter referred to as "Defendants") and states as follows:

### INTRODUCTION

1.  Plaintiff brings this collective action, individually and on behalf of all other similarly situated Assistant Salon Leaders who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover (i) unpaid overtime wages from Defendants, as required by the FLSA, 29 U.S.C. § 207(a)(1) and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), (iii) declaratory relief pursuant to 28 U.S.C. § 2201 and (iv) attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) as a result of Defendants' willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Plaintiff, and other Assistant Salon Leaders who have worked for Defendants, have been required to report to work prior to their scheduled shifts and stay after their shifts have ended without being compensated for such time. Defendants have also required Assistant Salon Leaders to attend mandatory meetings for which they were not compensated. In addition, Defendants' Assistant Salon Leaders have been required to go on "bank deposit runs," for which they were not compensated. Due to Defendants' failure to pay Plaintiff and other Assistant Salon Leaders for such "off-the-clock" work, they have not been paid for all hours worked, and have been deprived of overtime for hours worked beyond 40 per week.

3. Defendants further violated the FLSA overtime requirement by paying Plaintiff and other Assistant Salon Leaders for hours worked in excess of forty (40) in a workweek at a rate less than time-and-a-half of their regular rate of pay.

4. As a result, there were many weeks in which Plaintiff and other Assistant Salon Leaders worked hours in excess of forty (40) in a workweek for which they were not paid overtime compensation at a rate of one and one half (1.5) times of their regular rate of pay, in violation of the FLSA.

5. Plaintiff brings this action against Defendants pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other Assistant Salon Leaders who have worked for Defendants any time from three years prior to the commencement of this action through the date of final judgment, who may choose to opt in to this action, for failure to pay Assistant Salon Leaders proper overtime compensation for all hours worked beyond 40 per week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to

28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

7. The Court has personal jurisdiction over Defendants because they are incorporated and have their principal place of business in Virginia.

8. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because Defendants employed Plaintiff in this district, maintains an office in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff'' claims occurred in this district.

## PARTIES

### Plaintiff

9. Plaintiff India Anderson ("Anderson") is a resident of Ashland, VA.

10. Plaintiff Anderson worked for Defendants as a Assistant Salon Leader from approximately January 2018 to April 2018 and then July 2018 to February 2019.

11. Plaintiff Anderson worked at Defendants' salon in Charlottesville, VA.

12. Plaintiff Anderson signed a consent form to join this lawsuit. *See* Exhibit 1.

### Defendant

13. Defendant Creative Hairdressers, Inc. d/b/a Hair Cuttery is a national hair salon chain, with locations in Virginia and throughout the country. It is a Virginia corporation with its principal corporate office located in Virginia. Creative Hairdressers, Inc. operates as a subsidiary of Ratner Companies, L.C.

14. Defendant Ratner Companies, L.C. is a Virginia corporation with its principal corporate office located in Virginia. Ratner Companies, L.C. owns and operates Defendant Creative Hairdressers, Inc. d/b/a Hair Cuttery.

3

## FLSA Coverage

15. At all relevant times, Plaintiff and other Assistant Salon Leaders were Defendants' "employees" within the meaning of the FLSA.

16. At all relevant times, Defendants were Plaintiff's and other Assistant Salon Leaders' "employers" within the meaning of the FLSA.

17. At all relevant times, Defendants were and continue to be "employers" within the meaning of the FLSA.

18. At all relevant times, Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of the FLSA.

19. At all relevant times, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. At all relevant times, Defendants' annual gross revenues and/or business done was in excess of $500,000.00 per annum.

21. At all relevant times, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

## FACTUAL ALLEGATIONS

22. Defendants operate hundreds of Hair Cuttery salons across the country, approximately 165 of which are in Virginia.

23. Defendants pay Assistant Salon Leaders an hourly rate plus commissions.

24. Throughout its hair salons, Defendants enforce policies and practices that consistently require Assistant Salon Leaders to work off-the-clock without compensation, including the following:

   a) Assistant Salon Leaders are expected to arrive at work at least 15 minutes before

4

the start of their shift but are not allowed to punch in more than 15 minutes before their scheduled start time. Assistant Salon Leaders are also expected to clock out when their shift ends and to remain on the job to clean up and complete any additional work necessary. They are not paid for this "off-the-clock" work.

b) Assistant Salon Leaders are required to attend staff meetings, held approximately once a month, but are not allowed to clock in for time spent in the meetings.

c) Assistant Salon Leaders are frequently required to make bank deposits at the end of their workday, but they are not compensated for time spent traveling between the salon and the bank to make the deposit. Assistant Salon Leaders are required to first clock out at the end of the day, go to the bank to make the deposit, and then return to the salon to give back the bank key.

25. Thus, Defendants failed to pay Plaintiff and other Assistant Salon Leaders for all the hours they worked. Instead, Assistant Salon Leaders, including Plaintiff, regularly worked off-the-clock without compensation.

26. Additionally, Assistant Salon Leaders, including Plaintiff, routinely worked more than forty hours per week, but were not paid time and a half for the hours they work in excess of forty each week.

27. As a result, there were many weeks in which Assistant Salon Leaders, including Plaintiff, worked hours in excess of forty (40) in a workweek for which they did not receive overtime compensation calculated at time-and-a-half of their regular rate of pay.

28. For example, in the bi-weekly pay period ending August 18, 2018, Plaintiff was paid for 40 hours for one of the weeks at a rate of $19.30 per hour, for 40 hours for the other week at a rate of $19.90 per hour, and was paid for an additional 18 hours at a rate of $8 per hour. This

5

violated the FLSA because Plaintiff received no pay for hours she worked in excess of the 98 hours that Defendants paid, and because Plaintiff only received an overtime rate of $8 per hour for the 18 overtime hours that were paid, which was significantly less than time-and-a-half of her regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-allege and incorporate all previous paragraphs herein.

30. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All Assistant Salon Leaders who worked for Defendants at any time within the period of three years prior to the commencement of this action and the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

31. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another for Defendants; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

32. Members of the FLSA Collective are all non-exempt employees of Defendant.

33. Defendants failed to pay overtime compensation at a rate not less than one and one half (1.5) times of the FLSA Collective members' regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

34. Defendants' failure to compensate Plaintiff properly resulted from a policy or

6

practice applicable to all members of the FLSA Collective.

35. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in not being paid overtime compensation for all hours worked over forty (40) in a workweek applies to non-exempt Assistant Salon Leaders and continues to apply to all members of the FLSA Collective.

36. Plaintiff estimates the FLSA Collective, including other similarly situated Assistant Salon Leaders over the relevant period, will include over one hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## COUNT I
### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b)) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* FAILURE TO PAY OVERTIME

37. Plaintiff re-alleges and incorporates all previous paragraphs herein.

38. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

39. Defendants required Assistant Salon Leaders including Plaintiff to work hours in excess of forty (40) per week.

40. At all times relevant to this action, Defendants failed to pay overtime compensation at a rate not less than one and one half (1.5) times of the FLSA Collective members' regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

7

41. Defendants further violated the FLSA overtime requirement by paying Plaintiff and other Assistant Salon Leaders for hours worked in excess of forty (40) hours in a workweek at a rate less than time-and-a-half of their regular rate of pay.

42. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

43. As a result of the foregoing, Plaintiff and other members of the FLSA Collective were illegally denied proper overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff individually and on behalf of all other similarly situated Assistant Salon Leaders, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Assistant Salon Leaders and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the putative FLSA Collective, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other Assistant Salon Leaders and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and

participate in this lawsuit;

c. An order directing Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all Assistant Salon Leaders who opt-in to this action;

d. An award for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

e. An award for liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201, *et. seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to all Assistant Salon Leaders during the applicable statutory period;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g. Judgment for any and all civil penalties to which Plaintiff may be entitled;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. An incentive award for Plaintiff pursuant to the FLSA; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, India Anderson, individually and on behalf of all other similarly situated Assistant Salon Leaders, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: June 19, 19~~June 18, 2019~~  RESPECTFULLY SUBMITTED,

By: /s Curtis Daniel Cannon
Curtis Daniel Cannon
Goldberg & Finnegan, LLC
8401 Colesville Road, Suite 630
Silver Spring, MD 20910
Tel: 301.589.2999
Fax: 301.589.2644
ccannon@goldbergfinnegan.com

*Local Counsel for Plaintiff*

Nicholas Conlon (will apply for admission *pro hac vic*)
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **INDIA ANDERSON,** individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CREATIVE HAIRDRESSERS, INC. D/B/A, HAIR CUTTERY,** and **RATNER COMPANIES, LLC,**<br><br>Defendants. | Case No. |

## CONSENT TO SUE

I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC and Goldberg & Finnegan, LLC, and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** *India Anderson*      **Dated:** 05/30/2019

**Name:** India Anderson

Doc ID: f6209a1738f8917678e7817480ea79c3d97b7426